{¶ 28} I disagree. Final orders may be appealed, they may be corrected pursuant to Civ.R. 60(A), or relief may be granted under appropriate circumstances as specifically permitted by Civ.R. 60(B) upon motion. The mandatory injunctive relief granted in this case is extraordinary relief and is appropriately characterized as permanent not preliminary. Although Civ.R. 60(B) provided an avenue for Chateau Estates to suggest the judgment should no longer equitably have prospective application, such a motion was never made. While a court has inherent authority to modify orders granting equitable relief, there is no provision for a sua sponte modification of such an order (one which has been affirmed on appeal) by the trial court.
 {¶ 29} Nor am I convinced as the majority suggests that the current testing is actually "more stringent." Although the time frame seemingly was extended, the number of test sites was significantly reduced, from ten to two. This is a clear reduction. Ohio law does not permit such a sua sponte change in the nature and character of several prior orders previously affirmed by this court. For the same reasons, it was premature to release the escrowed funds.
 {¶ 30} Accordingly, I would sustain both assignments of error.